UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie James Harvey, ) | C/A No.5:13-cv-01804-DCN-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Eddie James Harvey is a state prisoner who filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On October 23, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. On November 19, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 26. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.

I.     Background

Petitioner is currently incarcerated in the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). In February 2008, Petitioner was indicted by a Lee County Grand Jury on three counts of assaulting a correctional officer. App.

42.[1]  On February 12, 2008, Petitioner entered a guilty plea to two counts of assaulting a correctional officer before the Honorable Howard P. King. App. 1-13.[2] Attorney William M. Wheeler, III, represented Petitioner, and Assistant Solicitor Paul M. Fata appeared on behalf of the State. App. 1. Petitioner was sentenced to three years imprisonment on each count, to run concurrent with each other, but to run consecutive with the sentence Petitioner was presently serving.[3] App. 19.  Petitioner did not file a direct appeal.

   II.  Procedural History

On September 11, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 16-20. In his application, Petitioner argued he was entitled to relief on the following grounds:

   (a) Subject matter jurisdiction; and
   (b) Involuntary guilty plea.

App. 18.  In response, the State filed its Return dated February 3, 2009, and requested an evidentiary hearing on Petitioner's involuntary guilty plea claims. App. 22-25. On October 26, 2010, an evidentiary hearing was conducted in Lee County before the Honorable W. Jeffrey Young. App. 27.  At the hearing Petitioner was represented by Charles T. Brooks, III, Esq., while the State was represented by Assistant Attorney General Mary S. Williams.  *Id.*  Petitioner and his former defense attorney, William Wheeler, testified.  App. 29-33. On January 25, 2011, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 23-1 in this habeas matter.

[2] The third count was dismissed. App. 8.

[3] At the time of this conviction, Petitioner was serving a 44-year sentence on a 1985 strong armed robbery and assault with intent to kill conviction.  App. 23-1.

2

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witness presented at the hearing, closely pass upon their credibility, and weigh their testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § l7-27-80.

Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172,174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203(1985).

Applicant testified that Counsel erred in allowing him to plead guilty to Assaulting a Correctional Officer pursuant to S.C. Code § 16-3-630. Applicant contends that because the officers were not injured, he should have been charged

3

> with the common law offense of Simple Assault. Counsel stated that according to his understanding of the statute, whether the correctional facility employee suffered injury was not relevant. The facts giving rise to the charges were set forth in the plea transcript. (Tr. p. 8, line 14 - p. 9, line 12; p. 11, lines 2 - 12; p. 12, line 22 - p. 13, line 6.) Applicant freely admitted striking two correctional officers during the incident. There is nothing to suggest that the officers were not employees of a state or local correctional facility performing job-related duties at the time of Applicant's acts. Whether they were injured and to what extent is not an element of the offense. Therefore, Counsel made no error in this regard.
>
> Other Allegations
>
> No other allegations were raised at the PCR hearing. Therefore, any additional allegations are deemed waived because no evidence was presented.
>
> CONCLUSION
>
> Based on all the foregoing, this Court finds that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 36-39. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner, represented by Lanelle Cantey Durant of the South Carolina Commission on Indigent Defense, timely filed a *Johnson*[4] Petition for Writ of Certiorari. ECF No. 23-2. Petitioner presented one issue and argued "Did the PCR court err in not finding plea counsel ineffective for failing to insure that Harvey's guilty plea was voluntarily and knowingly made when there was only sufficient evidence for simple assault and not for assaulting a correctional officer." *Id.* at 3. Petitioner filed a pro se response to the *Johnson* Petition which argued the same issue presented in his *Johnson* Petition. ECF No. 23-3. On June 21, 2012, the South Carolina Supreme Court denied certiorari. ECF No. 23-4. The Remittitur was issued on July 9, 2012. ECF No. 23-5. Petitioner's habeas Petition was filed on July 1, 2013. ECF No. 1.

---

[4] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

III.   Discussion

    A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Subject matter jurisdiction; and involuntary guilty plea.
>
> Supporting facts:  The court really didn't have grounds because lack of evidence and I would not plea if I knew this, would led to involuntary plea.
>
> GROUND TWO:  Ineffective Assistance of Counsel.
>
> Supporting facts:   Ineffective assistance counsel; therefore, because counsel failure to let me know it was no evidence to constitute assault before sentencing on my plea.

ECF No. 1 at 5-6.

    B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

   IV.   Analysis

      A. Timeliness of Petitioner's Habeas Petition

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Respondent argues that Petitioner's habeas Petition should be dismissed because Petitioner's claims are untimely under the AEDPA statute of limitations. ECF No. 23 at 8-9. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As Petitioner did not seek appellate review of his guilty plea or sentence, his conviction became final on February 22, 2008, ten days after his sentence was imposed on February 12, 2008. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Petitioner's filing of his PCR application on September 11, 2008 tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 213 days had elapsed when Petitioner filed his PCR application, leaving 152 days within which Petitioner could timely file a federal habeas petition. The statute of limitations period remained tolled until Petitioner's PCR appeal was dismissed on June 21, 2012 and the Remittitur was issued in July 9, 2012. At this time the one-year limitations period recommenced and Petitioner had until December 10, 2012 to file his habeas Petition. When Petitioner's habeas Petition was filed on June 17, 2013,[5] more than 344 days had elapsed. Because Petitioner only had 152 days left to timely file a habeas petition, the June 17, 2013 filing is untimely under 28 U.S.C. § 2244(d).

Although Petitioner's habeas Petition is untimely under a strict application of the AEDPA statute of limitations, the undersigned finds that Petitioner's case presents circumstances where equitable tolling of the AEDPA statute of limitations is appropriate. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (finding that the AEDPA statute of limitations should be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2)

---

[5] *See Houston v. Lack,* 487 U.S. 266, 271 (1988)(pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). *See* ECF No. 1-1 which reflects that the habeas Petition was received by the BRCI mailroom on June 17, 2013.

7

that some extraordinary circumstance stood in his way' and prevented timely filing.")(internal citations omitted). The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

In his Response to Respondent's summary judgment motion, Petitioner contends that his Petition was not untimely. ECF No. 26 at 13-14. Petitioner avers that he received a letter from his appellate counsel on March 6, 2013 which told him that he had until June 21, 2013 to timely file a habeas petition, and Petitioner states that he filed his Petition on June 17, 2013. ECF No. 26 at 13-14. Petitioner argues that the South Carolina Supreme Court denied his appeal on June 21, 2012, and his counsel did not send him the ruling until March 4, 2013, nine months after his case had been decided. ECF No. 26 at 14. Petitioner contends that he was "suppose to be notified immediately, which she did not performed as her duty as appellate defender counsel." *Id.*

The undersigned finds that this case presents extraordinary circumstances, beyond Petitioner's control or external to his own conduct, that prevented him from filing on time. *Holland v. Florida*, 130 S. Ct. at 2563-65. Although Petitioner's appeal was denied on June 12, 2012, his appellate counsel did not notify him of this ruling until March 4, 2013. *See* ECF No. 26-1. Further in her letter, his appellate counsel informed Petitioner that he had until June 21, 2013 to timely file his habeas Petition. *Id.* As noted above, Petitioner was required to file his Petition on or before December 10, 2012 for it to be timely. Because Petitioner was not notified that his appeal had been denied until March 4, 2013, well after his AEDPA limitation period had expired, and his appellate counsel gave him incorrect information about the AEDPA statute of

limitations time period, the undersigned finds that Petitioner is entitled to equitable tolling of the time period. Because Petitioner's habeas Petition was filed on June 17, 2013, within the time frame provided by his appellate counsel, *See* ECF No. 1-1, the undersigned finds that this habeas Petition is timely.

### B. Procedurally-Barred Grounds

Respondent contends that Ground One of Petitioner's habeas petition is procedurally barred. ECF No. 22 at 10. Respondent argues that the claim regarding lack of subject matter jurisdiction is not a cognizable federal claim. *Id.* at 12. Respondent further argues that Petitioner's involuntary guilty plea claim was procedurally defaulted because Petitioner did not pursue a direct appeal and these types of claims must be raised to the trial court and then on direct appeal. *Id.* at 13.

Addressing Petitioner's allegation that the trial court lacked subject matter jurisdiction, such a claim is not cognizable on federal habeas review because jurisdiction is an issue of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Von Longmore v. South Carolina*, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue."), *denying certificate of appealability*, 218 F. App'x 284 (4th Cir. Feb. 23, 2007). Based upon the foregoing, the undersigned recommends that Respondent be granted summary judgment on this claim.

Turning to Petitioner's involuntary guilty plea claim, under South Carolina law the validity of Petitioner's conviction must be attacked through a direct appeal or by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90;

*Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). A review of the evidence before the court shows that Petitioner's trial counsel did not object to Petitioner's guilty plea, and therefore this issue was not preserved for appeal and cannot be brought forward now. Under South Carolina law, "an issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983, *1 (D.S.C. Mar. 18, 2010) (citations omitted). Accordingly, Petitioner has bypassed his state remedies and, the undersigned recommends that summary judgment be granted on this claim.

Petitioner may overcome these procedural defaults and have his claims addressed on the merits by showing both cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). Petitioner has not alleged or shown any cause and prejudice, or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that Respondent's Motion for Summary Judgment be granted as to Ground One.[6]

### C. Merits

Petitioner argues that his trial counsel was ineffective because he failed to let him know there was no evidence to constitute assault "before sentencing on my plea." ECF No. 1 at 6. Respondent argues that the PCR judge properly found that Petitioner's ineffective assistance of

---

[6] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Ground One.

10

counsel claim had no merit and contends that the record supports the PCR judge's findings and that the judge's ruling reasonably applied relevant federal law. ECF No. 23 at 30-31.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the PCR hearing, Petitioner testified that his counsel was ineffective because the State "didn't have enough evidence convicting me . . . of assaulting a corrections officer. It should have been simple assault." App. 31. Petitioner contends that the officers were not seriously injured, and therefore his charge should have been simple assault. App. 30. Petitioner's trial counsel testified that he did not believe that the case against Petitioner could be a simple assault because Petitioner admitted that he struck the two officers and "it was clear that all [those]

11

persons were indeed corrections officers," and that was all that was required under the assaulting a correctional officer statute. App. 32-33.

The undersigned finds that the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Nor was the PCR court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 386 (2000). Thus, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Two.

V.    Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

March 13, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**